UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ B.,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>  Defendant. | Case No.: 3:19-cv-785-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES AND EXPENSES**<br><br>**[ECF No. 19]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses. ECF No. 19. The parties jointly move the court to award Plaintiff Beatriz B. ("Plaintiff") attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id.* For the reasons set forth below, the Court **GRANTS** the parties' joint motion.

**I.   BACKGROUND**

The underlying action involves Plaintiff's challenge to the denial of her application

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Although Plaintiff originally brought this action against Former Acting Commissioner Nancy Berryhill, this case may properly proceed against Andrew Saul pursuant to 42 U.S.C. § 405(g).

for social security disability and supplemental security income benefits. On April 29, 2019, Plaintiff filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF No. 13. The Court set a scheduling order, requiring formal settlement discussions and a joint status report, as well as that a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by January 6, 2020. ECF No. 14. On December 4, 2019, the parties timely filed their Joint Motion for Judicial Review. ECF No. 23. On July 16, 2020, the Court granted the joint motion, reversing the Commissioner's denial of disability insurance benefits and remanding the case to the Administrative Law Judge ("ALJ") for the calculation and award of benefits. ECF No. 18. The instant motion follows. Here, the parties have jointly requested that Plaintiff's counsel receive $205.25 per hour for 19.5 hours of work performed and $143 per hour for 3.4 hours of paralegal work, with the total request discounted[2] to $4,450.00. ECF Nos. 19, 21.

## II. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court will address these in turn.

### A.     Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018)

---

[2] In the parties' itemization of fees, the total fee was calculated to be $4,488.57. ECF No. 21-1 at 2. However, in the parties' joint motion, the agreed amount requested was $4,450.00, which they refer to as "a compromise settlement[.]" ECF No. 19 at 1–2.

(quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because the Court reversed the Commissioner's denial of disability insurance benefits and remanded the case to the ALJ for the calculation and award of benefits. ECF No. 18; *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded"); *Adams v. Berryhill*, No. CV-17-4030, 2018 U.S. Dist. LEXIS 224441, at *1 n.1 (C.D. Cal. Oct. 26, 2018) (finding that "[t]here is no dispute that Plaintiff is the prevailing party for purposes of the EAJA" when the court had reversed the decision of the Commissioner and remanded the matter for further administrative proceedings).

### B.   Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, No. 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' [attorney fee] request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").

### C.   Reasonableness of Hours

The parties seek a fee award for 19.5 hours billed by Plaintiff's counsel and 3.4 hours billed by a paralegal. ECF No. 21-1. The Court finds the number of hours billed by the paralegal and Plaintiff's counsel reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees); *see also Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the

payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)); *see, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Krebs*, 2018 WL 3064346, at *2 (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours).

### D.     Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel bills at an hourly rate of $205.25 and his paralegal bills at an hourly rate of $143. ECF No. 21-1. Plaintiff's counsel has been practicing social security law for 23 years, and his paralegal has been working at the firm for 22 years. ECF No. 21 at 3–4. The Ninth Circuit's hourly EAJA rate for attorney work performed in 2019, factoring in an increase in the cost of living, was $205.25. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Aug. 28, 2020) [hereinafter *Statutory Maximum Rates Under EAJA*]; *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate); *Ulugalu*, 2018 WL 2012330, at *3 (same). Also, "Plaintiff is entitled to an award of fees for attorney hours spent on the EAJA fee application." *Kuharski v. Colvin*, No. 12-cv-1055-AC, 2015 WL 1530507, at *7 (E.D. Cal. Apr. 3, 2015); *compare* ECF No. 21-1 at 2 (spending 0.7 hours on July 27, 2020 preparing

EAJA request) *with Statutory Maximum Rates Under EAJA* (attorney rate for first half of 2020 is $206.77).

Furthermore, the Court may approve paralegal rates at prevailing market rates. *Nadarajah*, 569 F.3d at 918. Courts *may* "look[] to the United States Consumer Law Attorney Fee Survey Report [] to determine the market rate for paralegals." *Ulugalu*, 2018 WL 2012330, at *4 (using the figures in United States Consumer Law Attorney Fee Survey Report to assess whether the requested paralegal hourly rate was reasonable); *Schneider v. Soc. Sec. Admin.*, No. 12-cv-01375-JAD-GFW, 2014 WL 4251590, at *3 (D. Nev. Aug. 27, 2014) (finding an award reasonable based on figures provided in United States Consumer Law Attorney Fee Survey Report); *but cf. Diaz v. Kubler Corp.*, No. 12cv1742-MMA-BGS, 2014 U.S. Dist. LEXIS 199581, at *13 (S.D. Cal. Mar. 26, 2014) ("the Court finds the [Consumer Law Attorney Fee Survey] Report is not 'satisfactory evidence' to establish the prevailing market rates of comparable attorneys in the Southern District of California") (emphasis omitted); *Branco v. Credit Collection Servs.*, No. 10cv1242-MCA-EFB, 2011 WL 6003877, at *3 (S.D. Cal. Dec. 1, 2011) ("Plaintiff's contention that the rates are reasonable as evidenced by the United States Consumer Law Attorney Fee Survey Report is unavailing …"). Here, the United States Consumer Law Attorney Fee Survey Report provides that the median hourly rate for all paralegals in California is $143. ECF No. 21 at 4; ECF No. 21-2 at 19.[3] However, on June 23, 2020, the same law firm representing the plaintiff in this action represented that the same paralegal who performed work in this action billed $130 per hour for work completed during the same time period in another social security case before this Court. *Compare* ECF No. 21-1 at 1 (billing $143 per hour for Enedina Perez's work completed from April 2019 to July 2020) *with* Exhibit to Joint Motion for EAJA Fees, ECF No. 26-2, *Baker v. Saul*, No. 3:19cv925-AHG (S.D.

---

[3] Ronald L. Burge, *United States Consumer Law Attorney Fee Survey Report*, at 58 (2017–2018), https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf.

Cal. June 23, 2020) (billing $130 per hour for Enedina Perez's work completed from April 2019 to April 2020). Upon due consideration, the Court finds that the hourly rate billed by counsel and the agreed, discounted hourly rate billed by the paralegal[4] are reasonable.

### E.     Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Beatriz B[.], but if the Department of the Treasury determines that Beatriz B[.] does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Beatriz B[.]" ECF No. 19 at 2; *see* ECF No. 19-1 (agreement signed by Plaintiff stating that "Client … assigns such [EAJA] fee awards to Attorney").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). In *Ratliff*, plaintiff's counsel was successful in plaintiff's Social Security benefits suit and the court granted the unopposed motion for fees under the EAJA. *Id*. However, before paying the fee award, the government discovered that plaintiff owed the United States a debt that predated the award, and accordingly, the government sought an offset of that owed amount. *Id*. Plaintiff's counsel intervened and argued that the fee award belonged to plaintiff's

---

[4] Here, the total fee was calculated to be $4,488.57 and the agreed amount requested was $4,450.00, which is a $38.57 difference. ECF No. 21-1 at 2; ECF No. 19 at 1–2. Thus, Ms. Perez's hourly rate based on the compromise settlement is $131.66 per hour ($38.57 divided by the 3.4 hours she worked equals a savings of $11.34 per hour). As reduced, the Court finds the hourly rate for Plaintiff's paralegal reasonable. *See, e.g.*, *Toni Lynn B. v. Saul*, No. 19cv925-AHG, 2020 WL 4001981, at *3 (S.D. Cal. Jul. 15, 2020) (approving paralegal's hourly rate of $130 for EAJA award, for work performed in 2019 and 2020); *Black*, 2019 WL 2436393, at *1 (approving paralegal's hourly rate of $130 for EAJA award); *Smith v. Berryhill*, 17cv2108-CAB-RNB, 2019 U.S. Dist. LEXIS 89885, at *5 (S.D. Cal. Mar. 14, 2019) (approving paralegal's hourly rate of $130 for EAJA award).

counsel, and thus was not subject to offset for the litigant's federal debts. *Id*. The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, and not the attorney. *Id*. at 595–97.

Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *Castaneda v. Astrue*, No. EDCV-09-1850-OP, 2010 U.S. Dist. LEXIS 72887, at *6–*8 (C.D. Cal. Jul. 20, 2010) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Here, Plaintiff assigned her right to EAJA fees to her attorney. ECF No. 19-1. Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

### III.   CONCLUSION

As set forth above, it is hereby ordered that:

1.      The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses (ECF No. 19) is **GRANTED**;

2.      Plaintiff is awarded attorney fees under the EAJA in the amount of $4,450.00. *See* ECF No. 19 at 1; and

3.      Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See* ECF No. 19 at 2; *see, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED**.

Dated:  September 1, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge