UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 3:19-cv-785-AHG <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B)** <br><br> **[ECF No. 23]** |

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 23. For the reasons set forth below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Beatriz B. ("Plaintiff") filed this action on April 29, 2019, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability and supplemental security income benefits. ECF No. 1. The

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Although Plaintiff originally brought this action against Former Acting Commissioner Nancy Berryhill, this case may properly proceed against Andrew Saul pursuant to 42 U.S.C. § 405(g).

parties consented to proceed before a Magistrate Judge on May 7, 2019. ECF No. 5. Pursuant to the Court's Order, the parties filed a Joint Motion for Judicial Review on December 9, 2019, stating their positions on the disputed issues in the case. ECF No. 17. On July 16, 2020, the Court reversed the Commissioner's denial of disability insurance benefits and remanded to the Administrative Law Judge ("ALJ") for the calculation and award of benefits. ECF No. 18. On remand, the Commissioner awarded Plaintiff $63,701.60 in total past due benefits. ECF No. 23-1 at 1; ECF No. 23-3. On September 1, 2020, pursuant to a joint motion, this Court awarded Plaintiff $4,450.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 22; ECF No. 19 (jointly requesting that Plaintiff's counsel receive $205.25 per hour for 19.5 hours of work performed and $143 per hour for 3.4 hours of paralegal work, with the total request discounted to $4,450.00).

In the instant motion, Plaintiff's counsel seeks an order awarding Brian C. Shapiro, Esq. (Plaintiff's counsel) attorney fees in the amount of $15,925.40 for representing Plaintiff in this action, and further ordering Mr. Shapiro to reimburse Plaintiff the amount of $4,450.00 for the EAJA fees awarded by the Court. ECF No. 23-1 at 2–7, 11. The Commissioner has taken no position on the reasonableness of counsel's request. Though she was notified twice regarding her ability to oppose the motion (*see* ECF No. 23 at 2; ECF No. 23-1 at 14; ECF No. 25), Plaintiff has also taken no position on the reasonableness of counsel's request.

**II.    LEGAL STANDARD**

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful

claimant must show that the fee sought is reasonable[2] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

### III. DISCUSSION

On August 26, 2019, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered

---

[2] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

into a Social Security Representation Agreement ("Agreement"). ECF No. 23-2. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *Id*.[3] The administrative proceedings became final on September 8, 2020, when the Social Security Administration issued its Notice of Award. *See* ECF No. 23-3 at 1. Plaintiff's counsel seeks a total award of $15,925.40 in attorney fees and "bases this fee on 25% of the net payable past due benefits." ECF No. 23-1 at 2; *see* ECF No. 23-3 (awarding Plaintiff $63,701.60 in total past due benefits). Counsel argues that the amount sought in the instant motion "falls within the range of reasonable," considering counsel's firm "expended 22.9 hours of attorney time and paralegal time in the representation of [Plaintiff] in this matter through the entry of the order of remand." *Id*. at 2, 12. Additionally, if granted by the Court, this award would then be further reduced by the $4,450.00 that has already been received in attorney fees under the EAJA. *Id*. at 2 (requesting that that the Court order counsel to reimburse Plaintiff in the amount of $4,450.00 for the EAJA fees).

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and his paralegal expended 22.9 hours on this case.[4] *Id*. at 12. The *de facto* hourly rate is $695.43,[5] which falls on the low end of the range that has been approved by courts in similar cases, including in this

---

[3] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and her counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A)) *with* ECF No. 23-3 at ¶ 4.

[4] While every case is different, the amount of time spent on this case (19.5 hours by counsel and 3.4 hours by counsel's paralegal) are similar to the underlying cases approved in *Crawford*. 586 F.3d at 1145 (The time spent in the three underlying cases was: 19.5 hours by counsel and 4.5 hours by paralegal in *Crawford*; 17.45 hours by counsel and 4.7 hours by paralegal in *Washington*; and 26.9 hours by counsel and 2.6 hours by paralegal in *Trejo*).

[5] The *de facto* hourly rate is calculated by dividing the $15,925.40 fee requested by 22.9 hours.

district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55); *Martinez v. Berryhill*, No. 13-cv-272-JLS-JLB, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52 and noting that "[w]hile such an hourly rate is on the higher end charged for social security appeals, the Court nonetheless concludes that the fee is reasonable in the present case"); *Richardson v. Colvin*, No. 15-cv-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving *de facto* hourly rate of $770); *Likens v. Colvin*, No. 11-CV-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68); *Nash v. Colvin*, No. 12-cv-2781-GPC-RBB, 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving *de facto* hourly rate of $656); *Sproul v. Astrue*, No. 11-cv-1000-IEG-DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving *de facto* hourly rate of $800).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] and the fee does not exceed … the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 23-4. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). The Court **AWARDS** Brian C. Shapiro, Esq. attorney fees in the amount of $15,925.40.[6] The Court **HEREBY ORDERS** Brian C. Shapiro, Esq to reimburse Plaintiff Beatriz B. the amount of $4,450.00 for EAJA fees awarded by this Court.

**IT IS SO ORDERED**.

Dated: December 23, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[6] As such, the Court **DIRECTS** the Commissioner to certify the fee of $15,925.40 payable to Law Offices of Lawrence D. Rohlfing.